**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FIDEL C. RIVERA III,<br><br>                              Plaintiff,<br>v.<br>ATTORNEY GENERAL MERRICK B. GARLAND, et al.,<br><br>                              Defendants. | Case No.: 21-cv-213-MMA (AGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND JOINT MOTION TO STAY**<br><br>[Doc. No. 13] |

On July 29, 2021, Plaintiff Fidel C. Rivera III ("Plaintiff") and Defendant Department of Justice Attorney General Merrick B. Garland ("Defendant") filed a joint motion to stay this action. Plaintiff also seeks leave to file an amended complaint. Plaintiff's request is unopposed to date. For the reasons set forth below, the Court **GRANTS** the parties' joint motion to stay and **GRANTS** Plaintiff's motion for leave to file an amended complaint.

### I. MOTION TO STAY

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.  A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even if those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted).

As an initial matter, there is no apparent damage, hardship, or inequity that would result from granting a stay.  *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (identifying the *Landis* factors)).  To the contrary, staying the matter would conserve judicial resources, as well as simplify and streamline the issues in this case.  All of Plaintiff's claims stem from alleged discrimination, harassment, and retaliation he endured at MCC San Diego.  Plaintiff is currently pursuing additional, yet related, claims that are still pending in administrative proceedings.  Plaintiff's additional claims are based upon the same or intertwined facts and witnesses.  The Court agrees with the parties that proceeding with this case would therefore result in duplicative discovery, added complexity, and increased costs of litigation.  Accordingly, Court **GRANTS** the parties' joint motion to stay.

## II. M<small>OTION FOR</small> L<small>EAVE TO</small> A<small>MEND</small>

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15; *see also Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (first citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); and then citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

Because Plaintiff's additional claims are still pending, he has not yet exhausted his administrative remedies as to them.  Accordingly, once Plaintiff obtains a Final Agency Decision, he may wish to amend his complaint to include the additional claims to the extent they are not fully resolved.

Defendant does not object to Plaintiff's request. Moreover, there is no indicia of bad faith, undue delay, prejudice, or futility. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Ascon Props.*, 866 F.2d at 1160 (citing *DCD Programs, Ltd.*, 833 F.2d at 186); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988). This case is still in its infancy and will be stayed pending resolution of the administrative proceedings. Accordingly, the Court finds good cause and **GRANTS** Plaintiff's motion for leave to file an amended complaint, if any, upon conclusion of the aforementioned administrative proceedings and subsequent lifting of the stay of this action.

### III. CONCLUSION

For the foregoing reasons the Court **GRANTS** the parties' joint motion to stay and **GRANTS** Plaintiff's motion for leave to file an amended complaint. The Court further **DIRECTS** Plaintiff to notify this Court within five (5) business days of the conclusion of the administrative proceedings, requesting to lift the stay and indicating whether he intends to file an amended complaint.

**IT IS SO ORDERED.**

Dated: August 3, 2021

HON. MICHAEL M. ANELLO
United States District Judge